```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA            :
                                    :
          -v-                       :    S2 07 Cr. 1102 (JSR)
                                    :
NATHANIEL WILLIAMS,                 :    MEMORANDUM ORDER
                                    :
          Defendant.                :
------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-12-08

JED S. RAKOFF, U.S.D.J.

    Defendant Nathaniel Williams is charged in a second superseding indictment with one count of illegally dealing in firearms, one count of possessing with intent to distribute crack cocaine, one count of witness tampering, and one count of retaliation. The Government moved in court on March 4, 2008 to revoke the bail that had been set when defendant was charged only with the firearms count. See transcript, 3/4/08. The Government's motion was premised on the filing of a first superseding indictment, which added the drug charge, and on allegations concerning the at-that-time unindicted conduct that now forms the basis for the charges of witness tampering and retaliation. See id. At the hearing on March 4, the Government conceded that defendant was not a flight risk, but argued that he was a danger to the community. The Court, concluding that important components of that argument were the allegations concerning witness tampering and retaliation, scheduled an evidentiary hearing for March 11, 2008 to explore those allegations. Id. On March 11, however, the Government, which had in the meantime obtained the second superseding indictment adding the witness tampering and retaliation charges, declined to call the

alleged victim of those crimes, a confidential informant, and the defendant also declined, as was his right, to take the stand. See transcript, 3/11/08. This effectively deprived the Court of any truly meaningful basis to evaluate those charges.

The Bail Reform Act, 18 U.S.C. §§ 3141 et seq., directs a Court to detain a defendant pending trial if "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community." 18 U.S.C. § 3142(e). This determination requires the Court to consider, inter alia, the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See id. § 3142(g). Because the defendant here has been charged with a violation of 21 U.S.C. § 841 involving 26 grams or more of crack cocaine, a statutory presumption arises that "no condition or combination of conditions will reasonably assure ... the safety of the community." Id. § 3142(e). "In a presumption case ... a defendant bears a limited burden of production -- not a burden of persuasion -- to rebut that presumption by coming forward with evidence that he does not pose a danger to the community .... Once a defendant has met his burden of production ..., the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." United

States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (citations omitted).

Having considered the factors set forth in 18 U.S.C. § 3142(g), and taking account of the Government's concession that there is no risk of flight here, the Court finds the defendant has rebutted the presumption that arises from the crack charge and that there are conditions that will reasonably assure the safety of any other person and the community. Specifically, the Court agrees with the defense that if the defendant is strictly confined to the apartment occupied by his parents -- two law-abiding citizens to whom the Court was introduced at the March 11 hearing -- and other strict measures are required, as set forth below, including electronic monitoring,[1] there is no meaningful likelihood that the defendant will engage in any conduct constituting a danger to any other person or the community between now and the time of the trial of this case, which is firmly scheduled for May 5, 2008.

Accordingly, the defendant is hereby ordered released, effective at 2 p.m. on Friday, March 14, 2008,[2] on the following conditions:

(1) The defendant shall be subject to home incarceration in his parents' apartment twenty-four hours per day, the only exceptions

---

[1] Subsequent to the March 11 hearing, the Court learned from Pretrial Services that the electronic monitoring to which the defendant will be subject is precise enough to immediately detect if defendant were to leave his parents' apartment.

[2] The Court has been informed that Pretrial Services will need the time between now and then to set up the electronic monitoring equipment in the defendant's parents' apartment.

3

being that, upon express advance permission of the Pretrial Services Office (application for which must be made by the defendant at least 48 hours in advance), the defendant will be permitted to leave his residence to meet with his attorney, attend court appearances, and, if necessary, seek medical treatment. No other grounds for release will be permitted.

(2) The defendant shall be subject to full electronic monitoring under strict pretrial supervision.

(3) The defendant shall be prohibited from having any contact whatsoever, whether directly or indirectly, and/or whether personally or through any intermediary, with the Government's confidential informant.

(4) All other bail conditions set at the time of the defendant's original release by the Magistrate Judge shall remain in full force.

Counsel for both sides should take all necessary steps to expedite compliance with this Order.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 12, 2008