UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :     <u>INDICTMENT</u>

     - v. -     :     S2 07 Cr. 1102 (JSR)

NATHANIEL WILLIAMS,     :
    a/k/a "Nate,"
    a/k/a "Matthew,"     :

        Defendant.     :

- - - - - - - - - - - - - - - x

<u>COUNT ONE</u>

The Grand Jury charges:

1. From on or about April 24, 2007, up to and including on or about September 26, 2007, in the Southern District of New York and elsewhere, NATHANIEL WILLIAMS, a/k/a "Nate," a/k/a "Matthew," the defendant, unlawfully, willfully, and knowingly, not being a licensed importer, licensed manufacturer, or licensed dealer, did engage in the business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate commerce, to wit, WILLIAMS, not being a licensed importer, licensed manufacturer, or licensed dealer, sold four firearms in Bronx, New York that had been shipped, transported, and received in interstate commerce.

(Title 18, United States Code, Section 922(a)(1)(A).)

COUNT TWO

The Grand Jury further charges:

2.    From on or about October 15, 2007, up to and including on or about October 16, 2007, in the Southern District of New York and elsewhere, NATHANIEL WILLIAMS, a/k/a "Nate," a/k/a "Matthew," the defendant, unlawfully, intentionally, and knowingly, did distribute and possess with intent to distribute, a controlled substance, to wit, approximately 26 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code,
Sections 812, 841(a)(1), and 841(b)(1)(A) and (2).)

COUNT THREE

The Grand Jury further charges:

3.    On or about February 28, 2008, in the Southern District of New York and elsewhere, NATHANIEL WILLIAMS, a/k/a "Nate," a/k/a "Matthew," the defendant, unlawfully, willfully, and knowingly, did use physical force and the threat of physical force against persons, and attempted to do so, with intent to influence, delay, and prevent the testimony of  persons in official proceedings; and did cause and induce a person to withhold testimony and withhold records, documents, and other objects, from official proceedings; and did hinder, delay, and prevent communication to law enforcement officers and judges of the United States of information relating to the commission and possible commission of Federal offenses and violations of

2

conditions of probation, supervised release, parole, and release pending judicial proceedings, to wit, after WILLIAMS was indicted on federal charges, WILLIAMS hit and attempted to hit a victim whom WILLIAMS knew to be the confidential informant who had given information to law enforcement officers about WILLIAMS.

(Title 18, United States Code,
Sections 1512(a)(2)(A), (B)(i), and (C).)

COUNT FOUR

The Grand Jury further charges:

4.    On or about February 28, 2008, in the Southern District of New York and elsewhere, NATHANIEL WILLIAMS, a/k/a "Nate," a/k/a "Matthew," the defendant, unlawfully, willfully, and knowingly, did engage in conduct and thereby cause bodily injury to another person and damage the property of another person, and threaten to do so with intent to retaliate against another person for information relating to the commission and possible commission of Federal offenses and violations of conditions of probation, supervised release, parole, and release pending judicial proceedings given by a person to law enforcement officers, to wit, WILLIAMS physically attacked and caused bodily injury to a victim whom WILLIAMS knew to be the confidential informant who had given information to law enforcement officers about WILLIAMS.

(Title 18, United States Code, Section 1513(b)(2).)

3

## FORFEITURE ALLEGATION

5.    As a result of committing one or more of the foregoing offenses alleged in Counts One and Two of this Indictment, NATHANIEL WILLIAMS, a/k/a "Nate," a/k/a "Matthew," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said offenses, for which the defendants are liable.

## Substitute Asset Provision

6.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture

4

of any other property of the defendants up to the value of the

above forfeitable property.

     (Title 18, United States Code, Sections 982
and 922 and Title 21, United States Code, Section 841.)


_____
FOREPERSON

       _____
       MICHAEL J. GARCIA
       United States Attorney

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### NATHANIEL WILLIAMS,
### a/k/a "Nate,"
### a/k/a "Matthew,"

Defendant.

### **INDICTMENT**

S2 07 Cr. 1102 (JSR)

(18 U.S.C. §§ 922(a)(1)(A),
1512(a)(2)(A), (B)(i), and (C), and
1513(b)(2) and
21 U.S.C. §§ 812, 841 and (2).)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

*Thomas P. Eagan*
Foreperson.

3/10/08   Fld Supercdg #2 Ind

*Mag Judge Pitman*